**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GEORGIA RENEA HUTTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-423-GKF-MJX |
| | ) | |
| RUSSIAN ZAR NICOLAE | ) | |
| and ANTON LEVEY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Complaint [Doc. No. 1] and Motion for Leave to Proceed *In Forma Pauperis* [Doc. No. 2] of plaintiff Georgia Renea Hutto.  The court dismisses Ms. Hutto's action *sua sponte*.

Under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), the court must dismiss a complaint filed *in forma pauperis* that "is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  *Chance v. Vandiver*, 620 Fed. App'x 678, 678 (10th Cir. 2015).  "An action is frivolous if 'it lacks an arguable basis in either law or fact."  *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  "An action fails to state a claim if the claim is not plausible.  In other words, the claim must contain enough evidence that discovery might suggest an evidentiary basis for the claim."  *Chance*, 620 Fed. App'x at 679.

Ms. Hutto's action is subject to dismissal here.  To start, her claim is incredible: she sues Tsar Nicholas of Russia, [Doc. No. 1, p. 1, 12, 36] and Anton Levy, an alleged member of a satanic church, [*id.* at 1, 9]; she alleges facts related to the Sputnik launch, [*id.* at 21], a shadow

government, [*id.* at 13], and witchcraft, [*id.* at 8–43]; she claims to be a demon, [Doc. No. 2, at 1]; and requests "[l]ibrary studies for [the] survival of humankind" as relief, [Doc. No. 1, p. 2]. "Despite the apparent sincerity of [Ms. Hutto's] belief in her allegations, it is clear that this lawsuit is factually frivolous and thus should be dismissed." *See Hale v. FCC*, Case No. 15-CV-218-JED-FHM, 2017 WL 2702251, at *3 (N.D. Okla. June 22, 2017).

Ms. Hutto's allegations also fail to state a claim on which relief could be granted.  The Complaint fails to identify: Ms. Hutto's claims; the statutory or common law basis for the claims; the elements of the claims; how defendants' conduct satisfies those elements; the specific conduct complained of; the basis for this court's jurisdiction; or anything else that would justify recovery.  Section 1915(e)(2)(B) addresses itself to this very problem and "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Accordingly, dismissal is warranted.

WHEREFORE, Ms. Hutto's Motion for Leave to Proceed *In Forma Pauperis*, [Doc. No. 2] is granted and her Complaint, [Doc. No. 1], is dismissed.

IT IS SO ORDERED this 20th day of July, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT